UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Sallijo Freeman,                )
                                )
      Plaintiff,          )
                                )
      v.                  )      Civil Action No.  11-1257 (RLW)
                                )
                                )
Penske Truck Leasing Co. L.P. *et al.*,   )
                                )
      Defendants.         )

**MEMORANDUM OPINION**

      This civil action brought *pro se* was permitted to be filed under the court's diversity jurisdiction, 28 U.S.C. § 1332, and plaintiff was granted leave to proceed *in forma pauperis*.  *See* Mem. and Order  (July 12, 2011) (denying plaintiff's applications for a temporary restraining order or a preliminary injunction).  For the following reasons, the Court finds that it lacks subject matter jurisdiction and, thus, will dismiss the case.

      Plaintiff sues defendants allegedly located in Virginia, Pennsylvania, Ohio, and New York for alleged events that appear to have occurred in Virginia.[1]  *See generally* Compl. [Dkt. # 1] and Am. Compl. [Dkt. # 8].  The Court takes judicial notice of the fact that plaintiff's address of record is a commercial office building in the District of Columbia, not a residence, and a call to

---

[1] The complaint barely meets the minimal pleading requirements of Fed. R. Civ. P. 8(a) as to defendants Penske Truck Leasing Co., L.P., Gallagher Bassett Services, Inc., and Claims Adjuster William Holweg, and it simply fails to provide any notice of claim against the other defendants named in the amended complaint.

1

the telephone number plaintiff has listed confirms that the telephone number and address are that of a business.

"The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States[.]" 28 U.S.C. § 1332(a). Plaintiff demands $1.7 million. Although her demand seems way out of proportion to her alleged injuries, the Court cannot conclude with "legal certainty" that plaintiff cannot recover the minimal jurisdictional amount. *See Jumara v. State Farm Ins. Co.*, 555F.3d 873, 877 (3$^d$ Cir. 1995) ("The allegations on the face of the complaint control the amount in controversy unless it appears " 'to a legal certainty the claim is really for less than the jurisdictional amount . . . .' ") (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)) (other citation omitted); *see id*. ("Indeterminacy of the amount to be recovered is therefore not sufficient to defeat diversity jurisdiction, and so it is immaterial that the Jumaras might eventually recover less than $50,000 from State Farm.").

Plaintiff has not supplied her resident address, but the attachments to the initial and amended complaints list her as residing in Stafford, Virginia. Because plaintiff and most of the defendants are located in Virginia, the requirement that the parties be of diverse citizenship is not satisfied. *See Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citations omitted). Therefore, this case will be

dismissed. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction); *G. Keys PC/Logis NP v. Pope*, 630 F. Supp. 2d 13, 15 (D.D.C. 2009) (citations omitted) ("When it perceives that subject matter jurisdiction is in question, the Court should address the issue sua sponte."). A separate order accompanies this Memorandum Opinion.

_____/s/_____
ROBERT L. WILKINS
United States District Judge

Date: August 19, 2011